McGREGOR W. SCOTT
United States Attorney
YOSHINORI H. T. HIMEL #66194
Assistant United States Attorney
Eastern District of California
501 I Street, Suite 10-100
Sacramento, California 95814-2322
Telephone: (916) 554-2760

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, and LYNNE HARTMANN, Revenue Officer, Internal Revenue Service,<br><br>Petitioners,<br><br>v.<br><br>DANIEL E. MAHONEY,<br><br>Respondent. | 2:07-cv-02101-MCE-EFB<br><br>**MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS RE: I.R.S. SUMMONS ENFORCEMENT AND ORDER**<br><br>Taxpayer: DANIEL E. MAHONEY |

      This matter came before me on December 5, 2007, under the Order to Show Cause filed October 10, 2007, which, with the verified petition and exhibits, was effectively served on respondent in October 2007. Yoshinori H. T. Himel appeared for petitioners, and petitioning Revenue Officer Lynne Hartmann was present. Respondent neither filed an opposition nor appeared at the hearing.

      The Verified Petition to Enforce Internal Revenue Service Summons initiating this proceeding seeks to enforce an administrative summons (Exhibit A to the petition) in aid of Revenue Officer Hartmann's investigation for determination of respondent's federal income tax liabilities for the years 2003, 2005, and 2006. Subject matter jurisdiction is invoked under 28 U.S.C. §§ 1340 and 1345, and is found to be proper. Authorization for the action is under I.R.C. §§ 7402(b) and 7604(a) (26 U.S.C.).

On the subject of process service, the file contains a postal trace confirming that respondent receives his mail at 12245 Dyer Court, Auburn, California. That fact and the physical presence of vehicles registered to respondent show that he lives there. Over a three-week period beginning October 24, 2007, Revenue Officer Ken Longanecker made at least nine visits there to serve process in this case. Respondent's vehicles were parked there during each of these visits. Business cards left by Mr. Longanecker were moved. A vehicle driver caused the garage door to open and entered the garage while Mr. Longanecker watched. Despite these indications of occupancy and actual presence in the house, nobody would answer the door. Mr. Longanecker repeatedly left business cards asking for a return communication. Finally, Mr. Longanecker left a copy of the court's process on the door in a sealed envelope, and mailed another copy to respondent at his residence.

The court finds that respondent evaded service despite petitioners' diligence in attempting to serve him with process. The court further finds that the steps taken to serve respondent were reasonably calculated to give him actual notice and that they did give him actual notice of the proceedings.

Rule 81(a)(5), Fed. R. Civ. P, makes Rule 4 "apply to proceedings to compel testimony or the production of documents through a subpoena issued by a United States officer . . . *except* as otherwise provided . . . by court order in the proceedings." Fed. R. Civ. P. 81(a)(5) (emphasis added). Thus, "a district court, by local rule or by order, may limit the application of the rules in a summons proceeding." *Donaldson v. United States*, 400 U.S. 517, 528-29 (1971).

Furthermore, "[i]t is settled that a face to face encounter and an in hand delivery of the papers is not always essential under Rule 4(e)(2). *Gambone v. Lite-Rock Drywall Corp.*, 124 Fed. Appx. 78, 79-80 (3d Cir. 2005) (citing 4A Charles Alan Wright & Arthur R. Miller et al., Federal Practice and Procedure § 1095 (3d ed. 2002)) (internal quotations omitted). "If the defendant attempts to evade service or refuses to accept delivery after being informed by the process server of the nature of the papers, it usually is sufficient for

1  the process server . . . simply to leave them in the defendant's physical proximity, as Rule
2  4 guards the objective of giving notice to the party to be served." *Id.*

3        Based on the above findings, the court limits the application of Fed. R. Civ. P. 4 to
4  this action and holds that the steps taken by petitioners to serve respondent with process
5  were adequate under the present circumstances.

6        On the merits, the Order to Show Cause shifted to respondent the burden of
7  rebutting any of the four requirements of *United States v. Powell*, 379 U.S. 48, 57-58
8  (1964). The court has reviewed the petition and documents in support. Based on the
9  uncontroverted verification of Revenue Officer Hartmann and the entire record, the court
10 makes the following findings:

11       (1) The summons issued by Revenue Officer Lynne Hartmann to respondent
12 Daniel E. Mahoney on July 6, 2007, seeking testimony and production of documents and
13 records in respondent's possession, was issued in good faith and for a legitimate purpose
14 under I.R.C. § 7602, that is, to determine the federal income tax liabilities of Daniel E.
15 Mahoney for the years 2003, 2005, and 2006.

16       (2) The information sought is relevant to that purpose.

17       (3) The information sought is not already in the possession of the Internal Revenue
18 Service.

19       (4) The administrative steps required by the Internal Revenue Code have been
20 followed.

21       (5) There is no evidence of referral of this case by the Internal Revenue Service to
22 the Department of Justice for criminal prosecution.

23       (6) The verified petition and its exhibits made a prima facie showing of
24 satisfaction of the requirements of *United States v. Powell*, 379 U.S. 48, 57-58 (1964).

25       (7) The burden shifted to respondent, Daniel E. Mahoney, to rebut that prima facie
26 showing.

27       (8) Service of the Order to Show Cause and the Verified Petition and its Exhibits
28 upon respondent was legally sufficient.

1  (9) Respondent had actual notice of the Order to Show Cause hearing held on December 5, 2007.

(10) Despite sufficient service and actual notice, respondent failed to file written opposition, failed to appear at the hearing, and did nothing to rebut the prima facie showing.

The court therefore recommends that the IRS summons issued to respondent, Daniel E. Mahoney, be enforced, and that respondent be ordered to appear at the I.R.S. offices at 4330 Watt Avenue, Sacramento, California, 95821, before Revenue Officer Lynne Hartmann or her designated representative, on the twenty-first day after the filing date of the summons enforcement order, or at a later date and time to be set in writing by the Revenue Officer, then and there to be sworn, to give testimony, and to produce for examining and copying the books, checks, records, papers and other data demanded by the summons, the examination to continue from day to day until completed.

These findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72-304 of the Local Rules of the United States District Court for the Eastern District of California.  Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  The District Judge will then review these findings and recommendations pursuant to 28 U.S.C. § 636(b)(1).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

////

////

////

1   IT IS FURTHER ORDERED that the Clerk shall serve these findings and
2 recommendations and any future orders to Mr. Daniel E. Mahoney, at 12245 Dyer Court,
3 Auburn, CA 95603.
4 DATED:  December 27, 2007

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE